UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD V. MITCHELL,

                              Plaintiff                 DECISION AND ORDER

-vs-

                                                    6:08-CV-06270 CJS

DONALD CARRIERO, et al.,

                              Defendants

_____

APPEARANCES

For Plaintiff:                 Edward V. Mitchell, *Pro Se*
                                  00A2911
                                  Southport Correctional Facility
                                  Box 2000
                                  Pine City, NY 14871-2000

For Defendant:             Gary M. Levine, A.A.G.
                                  Office of New York State Attorney General
                                  144 Exchange Boulevard, Suite 200
                                  Rochester, NY 14614

INTRODUCTION

     Edward V. Mitchell, ("Plaintiff") a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment. Now before the Court is a motion for summary judgment by the Defendants, Corrections Officer Donald Carriero, Corrections Officer Richard Kingsley, Corrections Officer Rob Roy Olver, and Corrections Officer Joseph

1

Zarbo (Docket No. [# 21]), and a cross-motion for summary judgment by Plaintiff [ # 28]. For the reasons that follow, Defendants' application is granted, and Plaintiff's is denied.

BACKGROUND

From March 14, 2008 to March 20, 2008, Plaintiff was housed in the Mental Health Satellite Unit ("MHU") at Attica Correctional Facility ("Attica") in Wyoming County, New York. Plaintiff alleges that while housed in the MHU, Defendants subjected him to cruel and unusual punishment, in violation of his Eighth Amendment rights. [# 13.] As a result, Plaintiff alleges that he sustained mental anguish, which caused him to attempt suicide.

On March 27, 2008, Plaintiff filed an inmate grievance concerning the alleged events. [# 13 at 20.] Specifically, he stated that he was verbally harassed, denied medical attention, denied meals, and physically tortured, and that his property was destroyed. [# 13.]

On April 14, 2008, Plaintiff commenced this action in the Southern District of New York, and the case was subsequently transferred on June 4, 2008, to the Western District of New York, which was deemed a more appropriate venue. [# 4.]

On April 21, 2008 a Superintendent's decision was issued denying Plaintiff's inmate grievance. [# 13 at 11.] Investigating Officer Richard Lugo found no evidence to substantiate Plaintiff's claims of being tortured by having water thrown on him or being denied medical attention. [ # 13.] Furthermore, Lugo found no evidence of staff misconduct. [ # 13.] Lugo determined that, although his clothing was damaged, Plaintiff

2

had access to it prior to his release from the MHU, and it was unclear how or when the damage occurred. [# 13.]

The following day, April 22, 2008, Plaintiff appealed the Superintendent's decision [# 13 at 11] and on June 11, 2008, the DOCS Central Office Review Committee ("CORC") issued its decision denying Plaintiff's appeal and reasserting the findings made by the Superintendent's decision [# 13 at 5]. On May 5, 2010, after discovery, Defendants filed the subject motion for summary judgment [# 21],[1] and on July 27, 2010 Plaintiff filed a cross motion for summary judgment [# 28].

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 James Wm. Moore, et al., *Moore's Federal Practice* § 56.11[1][a] (3d ed. 2008). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001)*.* Where the nonmoving party will bear the

---

[1] Defendants served Plaintiff with an *Irby* notice pursuant to Local Rule 56.2.

burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

Once the movant's burden has been met, the burden shifts to the nonmoving party, which in its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden,* 140 F.3d 91, 93 (2d Cir.1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the nonmoving party. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party. *Leon v. Murphy,* 988 F.2d 303, 308 (2d Cir.1993); *Anderson,* 477 U.S. at 248-49. However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir. 1991) *(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

*Exhaustion of Administrative Remedies*

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as available are exhausted*." (emphasis added). With certain exceptions that are not relevant here, such exhaustion of administrative remedies is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. Generally in order to satisfy §1997e(a), a plaintiff must use the DOCS's inmate grievance procedures:

> The New York State Department of Correctional Services employs a three-step Inmate Grievance Program ["IGP"] that requires an inmate to: (1) file a grievance with the Inmate Grievance Review Committee as set forth in 7 N.Y.C.R.R. § 701.7(a)(1); (2) appeal to the superintendent within four working days of receiving the Inmate Grievance Resolution Committee's adverse written response as set forth in 7 N.Y.C.R.R. § 701.7(b)(1); and appeal to the Central Office Review Committee in Albany, New York within four working days of receipt of the superintendent's adverse written response, as set forth in 7 N.Y.C.R.R. § 701.7(c)(1). *Abney v. McGinnis,* 380 F.3d 663 (2d Cir.2004).

*Fuller v. Hohensee,* No. 03-CV-0514, 2008 U.S. Dist. LEXIS 89840, 2008 WL 4826261, at *7 (W.D.N.Y. Nov. 5, 2008).

ANALYSIS

Defendants assert that Plaintiff failed to fully exhaust his administrative remedies before commencing this action. [# 8 at ¶ 15]. The Court agrees. Plaintiff filed this action on April 14, 2008, seven days *before* he received a response from the prison superintendant to his inmate grievance, and eight days before he filed an appeal of that decision with CORC.  Plaintiff did not exhaust the administrative process until June 11, 2008, when he received a response from CORC denying his appeal.

Section 1997e(a) clearly makes exhaustion of administrative remedies a *precondition* to filing a federal claim under § 1983. A plaintiff's claims are subject to dismissal where, instead of exhausting his remedies prior to bringing suit in federal court, he exhausts his claims while the litigation is pending. *Neal v. Goord*, 267 F.3d 116, 122-123 (2d Cir. N.Y. 2001), (overruled in part on other grounds by *Porter* 534 U.S. at 516). The fact that Plaintiff's administrative remedies have now been exhausted is inconsequential. Allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, would undermine Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. *Id.* at 123.

Plaintiff argues that he exhausted his administrative remedies before filing the instant Action because he correctly assumed his appeal would be denied by both the superintendant and CORC. [# 28 at 12.] This argument is misguided. "The alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies when Congress has specifically mandated that he do so." *Giano v. Goord,* 250 F.3d 146, 150-151 (2d Cir. N.Y. 2001).

Even though Plaintiff believed his appeal would be denied, he was required under § 1997e(a) to file an appeal and wait for a response before his administrative remedies could be considered exhausted. The court cannot waive the exhaustion requirement simply because it believes further appeals would have been futile or inadequate. *Id.* at 151 (*citing Alexander v. Hawk,* 159 F.3d 1321, 1325-26 (11th Cir. 1998)).

Since Plaintiff's claim under § 1983 was brought before administrative remedies were exhausted, the case must be dismissed without prejudice. *See Morales v. Mackalm,* 278 F.3d 126, 128 (2d Cir. N.Y. 2002) (dismissing a prisoner's complaint for failure to exhaust administrative remedies should be done so without prejudice), (abrogated on other grounds by *Porter*, 534 U.S. at 516).

As Plaintiff's claim is being dismissed for failure to exhaust administrative remedies, the Court need not determine whether the Defendants' alleged actions violated Plaintiff's 8th Amendment rights or whether Plaintiff is entitled to seek a remedy for his injuries under § 1983.

## CONCLUSION

Defendant's motion for summary judgment [ # 21] is granted. Plaintiff's cross-motion for summary judgment [ # 28] is denied.  Plaintiff's claim is dismissed without prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v.United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion

to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
June 14, 2011

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge